UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:17-CV-00156-GNS-HBB

GUY BLUME                                                                                               PLAINTIFF

v.

SMALL BUSINESS ADMINISTRATION; and
UNITED STATES OF AMERICA                                                                   DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss (DN 16), and Plaintiff's Motions for Partial Summary Judgment (DN 4, 13). The Court finds that the facts and legal arguments are adequately presented in the parties' filings and its decision would not be significantly aided by oral argument, despite Plaintiffs' requests. (DN 4, 13, 18, 20, 21). For the reasons outlined below, Defendant's Motion to Dismiss is **GRANTED**, and Plaintiff's motions are **DENIED**.

### I.     STATEMENT OF FACTS AND CLAIMS

On July 12, 2007, the Small Business Administration ("SBA") approved the application of Audubon State Bank ("ASB") for a SBA guaranteed loan[1] to Royal Professional Solutions,

---

[1] The SBA provided financing pursuant to Section 7(a) of the Small Business Act. *See* 15 U.S.C. § 636(a). Section 7(a) loans come in three forms: (1) a direct loan by the SBA; (2) an immediate participation loan by a lender and the SBA; or (3) a guaranteed loan. 13 C.F.R. § 120.2(a)(1). Guaranteed loans, unlike the others, do not involve the SBA loaning money directly to a small business; instead, the SBA guarantees a portion of a loan issued by a private lender. *Id.* § 120.2(a)(2). If the small business borrower defaults, then upon the lender's demand and

LLC d/b/a Audubon Dairy Queen ("Royal"). (Am. Compl. Ex. 5, at 4 DN 10-6). The loan amount was $85,200.00 for the remodel of a Dairy Queen restaurant in Audubon, Iowa, which Royal operated under a franchise with American Dairy Queen ("DQ"). (Am. Compl. Ex. 5, at 4). On August 10, 2007, Royal executed a promissory note in favor of ASB in exchange for the loan. (Am. Compl. ¶ 7, DN 10; Am. Compl. Ex. 1, DN 19-1). Plaintiff Guy A. Blume ("Plaintiff") signed the note on behalf of Royal as a member of the limited liability company and also in his individual capacity, and Pamela K. Blume (collectively, "the Blumes") signed as a manager/member and in her individual capacity. (Am. Compl. Ex. 1, at 6). The Blumes also executed individual unconditional personal guaranties in favor of ASB which were secured with a real property mortgage. (Am. Compl. ¶ 8; Am. Compl. Ex. 2, DN 10-2).

On October 10, 2011, DQ issued a Confirmation of Termination notice to Royal and the Blumes indicating that the store would be closed on September 1, 2011, for failure to pay fees and submit required monthly reports. (Def.'s Mot. Dismiss Ex. A1, DN 16-1). The termination letter stated that the franchise and license rights would be terminated effective November 8, 2011. (Def.'s Mot. Dismiss Ex. A1). Thereafter, ASB determined that Royal and the Blumes had defaulted on the 2007 loan, as well as another SBA-guaranteed loan for $150,000.00. (Am. Compl. Ex. 4-1, DN 10-4).

In October 2015, the Department of the Treasury informed Plaintiff of its intent to initiate administrative wage garnishment for the sum of $78,591.58 owed to the SBA as a result of the default.[2] (Am. Compl. Ex. 4-2, DN 10-5). Plaintiff requested a hearing on the wage

---

subject to SBA regulations, the SBA purchases the guaranteed portion of the loan from the lender. *Id.* § 120.520(a)(1).

[2] In the interim, Plaintiff engaged in litigation in the Southern District of Iowa, including Case No. 4:11-cv-00496-RP-RAW (hereinafter "*Blume I*"), with ASB and the SBA, among others, involving the same SBA-guaranteed loans. (*See Blume I* Second Am. Compl., DN 16-3; Def.'s Mot. Dismiss Ex. E, DN 16-6; Def.'s Mot. Dismiss Ex. H, DN 16-9). Plaintiff's litigation

garnishment issue, and the matter was referred to the SBA for review and determination. (Am. Compl. Ex. 4-2).

On August 21, 2017, the SBA issued a decision finding that the wage garnishment action could not proceed, as the "borrower was current in its payments when the lender called it in default, liquidated the business, sold its assets, and obtained the SBA guarantee." (Am. Compl. Ex. 4-2, at 4). On September 11, 2017, Plaintiff initiated the present action alleging breach of contract against the SBA and negligence against the United States. (Compl., DN 1; Am. Compl. ¶¶ 34-41). The parties have filed competing dispositive motions. (Pl.'s Mot. Partial Summ. J., DN 4; Pl.'s Mot. Partial Summ. J., DN 13; Def.'s Mot. Dismiss, DN 16).[3]

## II. STANDARD OF REVIEW

The standards for dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) differ in the Sixth Circuit. *See RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Threshold challenges to subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) should generally be decided before any ruling on the merits under Fed. R. Civ. P. 12(b)(6). *See Bell v. Hood*, 327 U.S. 678, 682 (1946). In most circumstances, the plaintiff bears the burden to survive Fed. R. Civ. P. 12(b)(1) motions to dismiss for lack of subject matter jurisdiction. *See id.*

Challenges to subject matter jurisdiction come in several varieties. Facial attacks challenge a plaintiff's establishment of jurisdiction in their complaint and require the court to examine the jurisdictional basis. *See United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)

---

became so "vexations, oppressive, and harassing to both the Court and to opposing litigants" that the Southern District of Iowa entered an Order notifying Plaintiff that no party in his three ongoing lawsuits was required to file responses to his motions absent a court order to do so, and requiring Plaintiff to first seek leave of court before filing any new actions in that court. (Def.'s Mot. Dismiss Ex. C, DN 16-4).

[3] Following briefing of Defendant's Motion to Dismiss, Plaintiff filed a Motion for Leave to File Sur-Reply (DN 20 [hereinafter Pl.'s Mot. Leave]), which the United States opposes (DN 22). The Court grants Plaintiff's motion, and will consider the relevant arguments contained in his motion and supplemented sur-reply (DN 21) in its discussion of Defendant's Motion to Dismiss.

(citation omitted). Factual attacks contest the existence of factual prerequisites to jurisdiction. *See id.* In such motions, the district court is empowered to resolve the factual disputes affecting any jurisdictional prerequisites. *See Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). A plaintiff bears the burden in both of these situations. *See Bell*, 327 U.S. at 682.

Sovereign immunity may serve as a basis for a Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of jurisdiction. *See Muniz-Muniz v. U.S. Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013). "'[W]hile the Eleventh Amendment is jurisdictional in the sense that it is a limitation on the federal court's judicial power,' the defense 'is not coextensive with the limitations on judicial power in Article III.'" *Nair v. Oakland Cty. Cmty. Mental Health Auth.*, 443 F.3d 469, 474 (6th Cir. 2006) (citing *Calderon v. Ashmus*, 523 U.S. 740, 745 n.2 (1998)). "[U]nlike subject-matter jurisdiction, 'the entity asserting Eleventh Amendment immunity has the burden to show that it is entitled to immunity.'" *Id.* (citation omitted).

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citation omitted). When a plaintiff is proceeding *pro se*, the Court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S.

519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Even *pro se* complaints, however, must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed pursuant to Rule 12(b)(6) if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561-64).

### III. DISCUSSION

#### A. Defendant's Motion to Dismiss

The United States mounts several arguments on behalf of the SBA[4] in support of its motion to dismiss Plaintiff's breach of contract claim. (Def.'s Mot. Dismiss 5-17, DN 16). Although the Motion to Dismiss was filed by "[t]he United States, on behalf of the Small Business Administration," it contains arguments that are relevant to Plaintiff's claims against both the SBA and United States. (*See* Def.'s Mot. Dismiss 5-9). Notably, Section III argues for dismissal of Plaintiff's negligence claim brought only against the United States, not the SBA. (Def.'s Mot. Dismiss 6-9). Thus, while Plaintiff complains that "[t]he United States has not

---

[4] The first argument regarding standing in Defendant's Motion to Dismiss has since been withdrawn. (Def.'s Reply Supp. Mot. Dismiss 11, DN 19).

appeared in the motion to dismiss defending the claims of negligence against their employees," he was clearly on notice that the Motion to Dismiss extended to his negligence claim. Further, the Court has the power to *sua sponte* dismiss a complaint for lack of subject matter jurisdiction. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). The Court will therefore consider the arguments raised in the Motion to Dismiss as to Plaintiff's negligence claim against the United States, insofar as they address lack of subject matter jurisdiction.

1. *Plaintiff's Negligence Claim – Sovereign Immunity*[5]

The United States argues that it enjoys sovereign immunity under the FTCA for Plaintiff's negligence claim. (Def.'s Mot. Dismiss 6-9). "'The United States, as sovereign, is immune from suit save as it consents to be sued . . . .' This principle extends to agencies of the United States, as well, which are immune absent a showing of a waiver of sovereign immunity." *Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993) (internal citation omitted) (citing *United States v. Testan*, 424 U.S. 392 (1976)). The Federal Tort Claims Act ("FTCA") is the exclusive remedy for suits against the United States or its agencies sounding in tort, including negligence. 28 U.S.C. § 2679(a). The FTCA "waives sovereign immunity to the extent that state-law would impose liability on a private individual in similar circumstances." *Young v. United States*, 71 F.3d 1238, 1241 (6th Cir. 1995) (internal quotation marks omitted) (citation omitted).

---

[5] Plaintiff's Motion for Leave avers, *inter alia*, that in one of his actions in the Southern District of Iowa, the SBA stated that it had "erred in averring sovereign immunity bars Plaintiff's suit to the extent it alleges a breach of contract[,]" and that the SBA cannot now "have it both ways." (Pl.'s Mot. Leave 2 (quoting Def.'s Suppl. Authority Supp. Mot. Dismiss at 1, *Blume v. Audubon State Bank*, No. 4:11-CV-00496-RP-RAW, 2012 U.S. Dist. LEXIS 191920 (S.D. Iowa July 24, 2012) (DN 40))). This argument is unpersuasive, as the United States argues it enjoys sovereign immunity in the case *sub judice* as to Plaintiff's negligence claim, not his breach of contract claim against the SBA.

Plaintiff appears to argue against the exclusivity of the FTCA as to his negligence claim, which he contends should be considered under 28 U.S.C. § 2679(b)(2)(B). (Pl.'s Resp. 12-13, DN 18). Plaintiff claims that his negligence claim is brought "against the United States [e]mployees for failing to follow mandatory procedures in violation of the Small Business Act, 15 U.S.C [§] 631, as shown as the cause of action in this case." (Pl.'s Resp. 13).

Plaintiff's argument is unpersuasive. As the Sixth Circuit has explained:

> Although the Small Business Act provides that the SBA Administrator may "sue and be sued in any court of record[,]" 15 U.S.C. § 634(b)(1), this provision "does not establish a waiver of immunity so as to permit entertainment of [a] damages claim." *Ascot Dinner Theatre, Ltd. v. Small Business Admin.*, 887 F.2d 1024, 1028 (10th Cir. 1989). Rather, Congress has integrated § 634(b)(1)'s "sue and be sued" provision "within the overall scheme for allowing claims against the United States." *Id.* Therefore, it "does not alter the . . . [Federal Tort Claims Act] as the exclusive remedy for actions sounding in tort."

*Sutton v. U.S. SBA*, 92 F. App'x 112, 123 n.15 (6th Cir. 2003) (alterations in original) (citation omitted). *See also Ascot Dinner Theatre*, 887 F.2d at 1028-29 (citing *Taylor v. Adm'r of Small Bus. Admin.*, 722 F.2d 105, 109 (5th Cir. 1983); *Peak v. Small Bus. Admin.*, 660 F.2d 375, 377 (8th Cir. 1981); *Northridge Bank v. Cmty. Eye Care Ctr.*, 655 F.2d 832, 835 (7th Cir. 1981); *Freeling v. FDIC*, 221 F. Supp. 955, 956-57 (W.D. Okla. 1962), *aff'd on basis of district court's opinion*, 326 F.2d 971 (10th Cir. 1963)).

Seeking to avoid application of the FTCA, Plaintiff cites *United States v. Bormes*, 568 U.S. 6 (2012). (Pl.'s Mot. Leave 2; Pl.'s Br. Supp. Mot. Leave File Sur-Reply 2-5, DN 21 [hereinafter Pl.'s Sur-Reply]). In *Bormes*, the Supreme Court held that "[t]he Tucker Act is displaced . . . when a law assertedly imposing monetary liability on the United States contains its own judicial remedies. In that event, the specific remedial scheme establishes the exclusive framework for the liability Congress created under the statute." *Id.* at 12. *Bormes*, however, related to the Fair Credit Reporting Act ("FCRA"), and is inapplicable to the Small Business

7

Act, which does not contain a similarly specific, "'carefully circumscribed, time-limited, plaintiff-specific' cause of action" as the FCRA. *Id.* at 19 (quoting *Hinck v. United States*, 550 U.S. 501, 507 (2007)).

To maintain a lawsuit under the FTCA against the United States, a plaintiff must first exhaust administrative remedies. In relevant part, the statute provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). The Sixth Circuit has held that the exhaustion requirement under the FTCA is jurisdictional and a plaintiff's failure to exhaust prior to filing suit requires dismissal for lack of jurisdiction. *Bumgardner v. United States*, 469 F. App'x 414, 417 (6th Cir. 2012) (citing *Joelson v. United States*, 86 F.3d 1413, 1422 (6th Cir. 1996) ("exhaustion requirement [of Section 2765(a) is jurisdictional")); *Schaffer by Schaffer v. A.O. Smith Corp.*, No. 93-3764, 1994 U.S. App. LEXIS 26841, at *7-8 (6th Cir. Sept. 21, 1994) ("[Section 2675(a) ] requires that exhaustion must be achieved in advance of the federal tort suit, not merely in conjunction with it." (citation omitted)); *Buchanan v. United States*, 102 F. Supp. 3d 935, 943-44 (W.D. Ky. 2015).

Although he argued against the exclusivity of the FTCA, Plaintiff did not provide evidence that he complied with the FTCA by exhausting his administrative remedies.[6] The

---

[6] While Plaintiff refers to an "administrative record" whose "unredacted release" he asks the Court to order, he has conflated his successful wage garnishment proceeding with what the FTCA in fact requires for his negligence claim to proceed—namely an administrative claim with the SBA relating to the SBA-guaranteed loan to Royal at the time of its default. (Pl.'s Mot. Leave 2; *see also* Pl.'s Sur-Reply 2). Plaintiff did not make such a claim. (Def.'s Mot. Dismiss Ex. A, DN 16-2).

8

Court therefore finds that, because Plaintiff failed to file an FTCA administrative claim with the SBA prior to filing the instant suit, Plaintiff's negligence claim against the United States is barred. (Def.'s Mot. Dismiss 8-9; Def.'s Mot. Dismiss Ex. A). Plaintiff's negligence claim will therefore be dismissed.

### 2. *Plaintiff's Breach of Contract Claim*

#### a. **Failure to State a Claim Under the Tucker Act**

The United States also contends that Plaintiff failed to state a claim for breach of contract based on the Tucker Act, 28 U.S.C. § 1491. (Def.'s Mot. Dismiss 9-10, 12). The Tucker Act confers "jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States" upon the United States Court of Federal Claims, and the Little Tucker Act provides that United States District Courts may hear such monetary claims when they are under $10,000.00. 28 U.S.C. §§ 1346(a)(2), 1491(a)(1).

The United States argues that under this scheme, this Court does not have jurisdiction over Plaintiff's breach of contract claim. (Def.'s Mot. Dismiss 9-10). Though the Complaint does not identify a liquidated amount of damages sought, the transactions in question greatly exceeded $10,000.00 and Plaintiff asserts claims for the loss of his business, home, and personal property, which indicate claims within the purview of the Tucker Act. Since Plaintiff has not alleged that his damages do not exceed $10,000.00, he has failed to establish jurisdiction of the Court under the Little Tucker Act.

Plaintiff counters with largely the same argument as for his negligence claim—*i.e.*, that the Small Business Act's "sue and be sued" language confers jurisdiction on this Court regardless of the amount of damages sought. (Pl.'s Resp. 1-2, 8-9, 13-14). In response, the United States directs the Court's attention to *Campanella v. Commerce Exchange Bank*, 137 F.3d

885 (6th Cir. 1998). In *Campanella*, the Sixth Circuit, citing the Contract Disputes Act, 41 U.S.C. §§ 601-613, affirmed the district court's determination that it lacked subject matter jurisdiction over a contract claim against the SBA despite a "sue and be sued" clause in the SBA's statutory framework. *Id.* at 891.[7]

The Court lacks jurisdiction to hear Plaintiff's breach of contract claim because jurisdiction is exclusively vested in the United States Court of Federal Claims under the Tucker Act. As further discussed below, the Court will dismiss this claim rather than transferring to the Court of Federal Claims under 28 U.S.C. § 1631,[8] as Plaintiff did not have a colorable basis for filing the claim. *See Stanifer v. Brannan*, 564 F.3d 455, 458 (6th Cir. 2009) (affirming the district court's refusal to transfer by distinguishing from precedent in which the petitioner "had at least a colorable basis for filing his action" in the original venue).

### b. Lack of Contractual Privity

The United States further argues that Plaintiff's breach of contract claim is fatally deficient due to the lack of contractual privity between Plaintiff and the SBA. (Def.'s Mot. Dismiss 10-12; Def.'s Reply Supp. Mot. Dismiss 6-7, DN 19). The Tucker Act confers jurisdiction "based upon any express or implied contract with the United States. However, a mere allegation by the plaintiffs that a contract exists is not, *ipso facto*, enough to overcome a motion to dismiss for lack of subject matter jurisdiction where under no conceivable hypothesis, on the facts here, plaintiffs can recover." *Montego Bay Imps., Ltd. v. United States*, 25 Cl. Ct.

---

[7] Plaintiff objects to the application of *Campanella*, stating it "is not of any precedential value in this instance" in light of *Bormes*. (Pl.'s Mot. Leave 2). As the Court has noted, however, *Bormes* has not been extended to actions like the Plaintiff's against the SBA.

[8] Section 1631 reads, in relevant part, that if the Court finds that it lacks jurisdiction to hear a case, it "shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . . ." 28 U.S.C. § 1631.

639, 656 (1992) (internal quotation marks omitted). Plaintiff has the burden to establish jurisdiction by a preponderance of the evidence. *Id.*

The United States contends that Plaintiff's documentation demonstrates only that the SBA had a guarantor obligation to the lender, not to Plaintiff. (Def.'s Mot. Dismiss 10). Plaintiff appears to agree that contractual privity did not exist between himself and the SBA, and instead argues that the SBA is liable because, despite the general rule requiring privity, the SBA is "a party standing outside of privity [that] 'stands in the shoes of a party within privity.'" (Pl.'s Resp. 14 (citing *First Hartford Corp. Pension Plan & Tr. v. United States*, 194 F.3d 1279, 1289 (Fed. Cir. 1999))).

The Court agrees with the United States that Plaintiff's argument is inapplicable, considering similar federally-guaranteed loan programs have been analyzed under the general requirement of privity of contract. *See Parker v. USDA*, 879 F.2d 1362, 1364-66 (6th Cir. 1989) (analyzing private loans guaranteed by the Department of Agriculture under the Farmer's Home Administration Program). As Plaintiff has conceded privity of contract did not exist between himself and the SBA, his breach of contract claim is fatally deficient under the Tucker Act, and this Court lacks jurisdiction to hear the claim.

### c. Plaintiff's Claim Inactionable Under the Tucker Act

The United States additionally contends that, even if Plaintiff's breach of contract claim were within the Court's jurisdiction, it should still be dismissed "because the alleged agreement does not contemplate money damages to be paid to Plaintiff in the event of . . . its alleged breach." (Def.'s Mot. Dismiss 12). The United States argues that Plaintiff has failed to identify a separate source of substantive law that creates the right to money damages, because guarantor agreements like the one at issue do not fall within the jurisdiction of the Tucker Act or Little

Tucker Act. (Def.'s Mot. Dismiss 12-13). Plaintiff does not appear to have directly responded to this argument.

The Tucker Act does not create substantive rights; rather it:

> [is] simply [a] jurisdictional provision[] that operate[s] to waive sovereign immunity for claims premised on other sources of law (*e.g.*, statutes or contracts). The other source of law need not *explicitly* provide that the right or duty it creates is enforceable through a suit for damages, but it triggers liability only if it can fairly be interpreted as mandating compensation by the Federal Government.

*United States v. Navajo Nation*, 556 U.S. 287, 291 (2009) (internal quotation marks omitted) (citations omitted) (emphasis in original). The Court agrees with the United States that Plaintiff has not identified such a source of law; indeed, the guarantor agreement at issue specifically reads, "Guarantor has no right of contribution from SBA." (Am. Compl. Ex. 2, at 2, DN 10-2, PageID #152). Thus, Plaintiff's breach of contract claim is inactionable under the Tucker Act, and will be dismissed rather than transferred, as the claim lacks a colorable basis given the clear language of the agreement negating Plaintiff's right to contribution from the SBA.[9] *See Stanifer*, 564 F.3d at 458.

### 3. *Res Judicata*

The United States finally argues that Plaintiff's claims are barred by the doctrine of *res judicata* based on Plaintiff's prior litigation in the Southern District of Iowa. (Def.'s Mot. Dismiss 13-17). The United States contends *Blume I* was premised upon the same loan that is the subject of this action, and in which the court granted the SBA's motion to dismiss Plaintiff's claims pursuant to Rule 12(b)(1) and 12(b)(6). (Def.'s Mot. Dismiss 13-14; *Blume I* Second Am. Compl.; *Blume I* Order).

---

[9] This lack of colorable basis is further underscored by Plaintiff's unsuccessful litigation in the Southern District of Iowa involving the same SBA-guaranteed loans, discussed below. (*See Blume I* Second Am. Compl.; *Blume I* Order Granting Mot. Dismiss, DN 16-5 [hereinafter *Blume I* Order]; Def.'s Mot. Dismiss Ex. E; Def.'s Mot. Dismiss Ex. H).

"A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) (citations omitted). The Sixth Circuit has adopted a four-part test for determining whether a subsequent action is barred by *res judicata*: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995) (citation omitted).

Plaintiff argues that none of the elements of *res judicata* are satisfied in this case. He contends that the first element of *res judicata* is not met here, as his claims in *Blume I* "were dismissed . . . because the Southern District of Iowa declined to adjudicate them against the bank for Breach of Contract, not because they lacked merit . . . ." (Pl.'s Resp. 16). Plaintiff's argument is unpersuasive, as "a dismissal pursuant to Rule 12(b)(6) is considered a final decision on the merits with full *res judicata* effect." *Dyer v. Intera Corp.*, 870 F.2d 1063, 1066 (6th Cir. 1989) (citations omitted). As the Order granting the SBA's motion to dismiss rested independently on the SBA's Rule 12(b)(6) argument, this element of *res judicata* is met. (*Blume I* Order at 3-7). With respect to the second element, Plaintiff avers that his claims "were never brought against the SBA[,]" and that *Blume I* did not name the United States. The second element is nonetheless met because Plaintiff amended his complaint in *Blume I* to name the SBA. (*Blume I* Second Am. Compl.). Furthermore, "the United States is the real party in interest in cases involving federal agencies, such as SBA . . . ." *United States v. Techno Fund, Inc.*, 270 F. Supp. 83, 84-85 (S.D. Ohio 1967).

The United States argues that the third element, namely the "should have been litigated" portion, is met in this case because *Blume I* involved a "Fraud-Failure to Monitor-Injunctive Relief Producing FOIA Documents" claim against the SBA, and because Plaintiff attempted to further amend his complaint in *Blume I* to extend his claims of "Breach of Contract–As Part of Conspiracy and Theft, Fraud" and negligent misrepresentation against SBA.[10] (*Blume I* Second Am. Compl. ¶¶ 122-129; Def.'s Mot. Dismiss Ex. G, at 38-43, 62-66, DN 16-8). Further, it contends that the fourth element is likewise met because Plaintiff's claims in both *Blume I* and the present action "are essentially identical and are related in 'time, space, origin [and] motivation.'" (Def.'s Mot. Dismiss 17 (quoting *United States ex rel. Sheldon v. Kettering Health Network*, 816 F.3d 399, 418 (6th Cir. 2016) (citation omitted))). Plaintiff counters that his claims in this case "did not manifest themselves until subsequent to [*Blume I*]." (Pl.'s Resp. 16-20). The Court, however, agrees with the United States that Plaintiff attempted to litigate breach of contract and negligence claims against the SBA in *Blume I*, and that his claims in both actions arise from the same transaction, the SBA-guaranteed loan made to Royal. (*See* Def.'s Mot. Dismiss Ex. G, at 6-27, 38-43, 62-66; Am. Compl. ¶¶ 6-41). The third and fourth elements of *res judicata* are met, and Plaintiff's claims are therefore precluded.

B. **Plaintiff's Motions for Partial Summary Judgment**

Plaintiff seeks partial summary judgment on his breach of contract claim. (Pl.'s Mot. Partial Summ. J., DN 4; Pl.'s Br. Supp. Mot. Partial Summ. J., DN 4-1; Pl.'s Mot. Partial Summ. J., DN 13; Pl.'s Br. Supp. Mot. Partial Summ. J., DN 13-1). These motions are denied as moot, as his suit is herein dismissed for the reasons set forth above.

---

[10] The motion for leave to amend was denied. (Def.'s Mot. Dismiss Ex. H).

## V. CONCLUSION

For the reasons outlined above, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (DN 16) is **GRANTED**, Plaintiff's Motions for Partial Summary Judgment (DN 4, 13) are **DENIED AS MOOT**, and the Amended Complaint (DN 10) is **DISMISSED WITH PREJUDICE**.

**Greg N. Stivers, Judge**
**United States District Court**
May 25, 2018

cc: counsel of record
    Guy Blume, *pro se*